UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


EDNA VERMILLION,

               Plaintiff,                              Hon. Gordon J. Quist

v.                                               Case No. 1:08-CV-1088

COMMISSIONER OF SOCIAL
SECURITY,

               Defendant.

_____/

### **REPORT AND RECOMMENDATION**

        This is an action pursuant to Section 205(g) of the Social Security Act, 42 U.S.C.

§ 405(g), to review a final decision of the Commissioner of Social Security denying Plaintiff's claim for

benefits. Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Plaintiff's appeal be

**dismissed for failure to prosecute**.

        Plaintiff initiated the present action on November 20, 2008. (Dkt. #1). On March 9,

2009, the Court entered an order directing the filing of briefs. (Dkt. #9). Plaintiff was directed to submit

a brief in support of her appeal no later than April 8, 2009. As of May 5, 2009, Plaintiff had neither filed

a brief in support of her appeal nor requested additional time to do so. Accordingly, Defendant filed a

Motion to Dismiss for Plaintiff's Failure to Prosecute. (Dkt. #11). Plaintiff has failed to respond to

Defendant's motion. On June 29, 2009, the undersigned issued an Order to Show Cause directing

Plaintiff to "show cause why this case should not be dismissed for her failure to prosecute and her failure

to comply with the Court's Order directing her to submit a brief in support of her appeal." (Dkt. #12).

Plaintiff has failed to respond to the Court's Order.

As the United States Supreme Court long ago recognized, "[t]he authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted." *Link v. Wabash Railroad Co.*, 370 U.S. 626, 629 (1962). This authority "is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Id.* at 629-30. Accordingly, "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b).

When faced with a motion to dismiss for failure to prosecute under Rule 41(b), the Court must consider the following factors: (1) whether the party's failure to cooperate is due to willfulness, bad faith, or fault; (2) whether the adversary is prejudiced by the party's dilatory conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered. *See Tetro v. Elliott Popham Pontiac, Oldsmobile, Buick, and GMC Trucks, Inc.*, 173 F.3d 988, 992 (6th Cir. 1999).

Consideration of these factors leads the Court recommend that Defendant's motion be granted and Plaintiff's action dismissed. Plaintiff has repeatedly ignored this Court's orders and refuses to prosecute her claim. Plaintiff was warned that her failure to respond to the Court's Order to Show Cause would result in the Court issuing a Report and Recommendation that this matter be dismissed. Plaintiff has not participated in this matter since its initiation more than eight months ago. Under these circumstances, the Court concludes that dismissal with prejudice of Plaintiff's claims is appropriate.

## <u>CONCLUSION</u>

Accordingly, the undersigned recommends that Plaintiff's appeal be **dismissed for failure to prosecute**.

OBJECTIONS to this report and recommendation must be filed with the Clerk of Court within ten (10) days of the date of service of this notice.  28 U.S.C. § 636(b)(1)(C).  Failure to file objections within the specified time waives the right to appeal the District Court's order.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).


Date:  July 21, 2009                         /s/ Ellen S. Carmody_____
                                            ELLEN S. CARMODY
                                            United States Magistrate Judge